UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES LEE RUDOLPH, JR.,

       Petitioner,

v.                                    Case No.  3:13cv324/MCR/CJK

JULIE JONES,[1]

       Respondent.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

      Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 14).  Petitioner replied.  (Doc. 17).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that

---

[1]Julie Jones succeeded Michael Crews as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed. R. Civ. P. 25(d).

the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

On October 23, 2009, petitioner was charged in Escambia County Circuit Court Case No. 09-CF-4757, with Obtaining Drugs by Fraud or Forging a Prescription. (Doc. 14, Ex. A, p. 1).[2]  The information alleged that on or about August 13, 2009, petitioner unlawfully and knowingly obtained possession of a controlled substance (Hydrocodone) from Jackson Pace Pharmacy by presenting a forged prescription, in violation of Fla. Stat. §§ 893.13(7)(a)9 and 893.13(7)(c).  The statutory maximum for the offense was 5 years in prison.  (*See* Ex. A, p. 14).  On April 12, 2010, petitioner, represented by counsel, executed a negotiated written plea agreement titled "Sentence Recommendation," in which petitioner agreed to enter a no contest plea to the offense as charged, in exchange for the State agreeing to recommend a sentence of 24 months probation.  (Ex. A, pp. 14-18).  The plea agreement incorporated by reference the arrest report and probable cause affidavit that were already part of the court record. (Ex. A, p. 14).  The court accepted petitioner's plea, adjudicated petitioner guilty and sentenced petitioner to 24 months probation consistent with the plea agreement.  (Ex. A, pp. 14-31).  Judgment was rendered April 12, 2010.  (Ex. A, pp. 24-25).  The order of probation was filed June 10, 2010, nunc pro tunc to April 12, 2010.  (Ex. A, pp. 27-31).  Petitioner did not take a direct appeal.  (Ex. PD-1, p. 4, Ex. E, p. 22).  The state court modified the order of probation on July 16, 2010, to allow petitioner an additional 60 days to complete substance abuse counseling (a condition of petitioner's probation).  (Ex. A, pp. 32-33).  No new judgment or sentence was entered.

---

[2]All references to exhibits are to those provided at Doc. 14, unless otherwise noted.  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

On August 17, 2010, petitioner was charged with violating his probation by using cocaine and marijuana.  (Ex. A, p. 34).  Three more violations were added on October 14, 2010.  (Ex. A, pp. 41-49).  A violation of probation hearing was held on August 30, 2011.  (Ex. A, pp. 56-61).  Petitioner, represented by counsel, denied one alleged violation (changing his residence without consent), but admitted the remaining violations (using cocaine, using marijuana, and twice failing to report as instructed) and entered a no contest plea to those four remaining violations.  (*Id.*).  The court conducted a plea colloquy, accepted petitioner's plea, adjudicated petitioner guilty of the violations and sentenced petitioner to 36 months in prison with credit for time served.  (Ex. A, pp. 60, 63-66).  Judgment was rendered August 30, 2011.  (Ex. A, pp. 67-73).  Petitioner initiated a direct appeal.  (Ex. A, p. 75).  Appellate counsel filed an *Anders* brief, asserting that no good faith argument could be made that reversible error occurred in the trial court.  (Ex. B).  Petitioner was given the opportunity to file a *pro se* brief (Ex. C), but chose not to.  (Ex. PD-2, p. 1).  Petitioner's judgment  and sentence was affirmed on April 10, 2012, per curiam and without a written opinion.  *Rudolph v. State*, 85 So. 3d 490 (Fla. 1st DCA 2012) (Table) (copy at Ex. D).  The mandate issued August 31, 2012.  (Ex. F).

On or about March 29, 2012, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. E, pp. 1-9).  The state circuit court struck the motion as facially insufficient with leave to amend.  (Ex. E, pp. 10-12).  Petitioner filed an amended motion on July 16, 2012.  (Ex. E, pp. 13-21).  The state circuit court summarily denied relief.  (Ex. E, pp. 22-44).  The Florida First District Court of Appeal ("First DCA") per curiam affirmed on May 7, 2013, without a written opinion.  *Rudolph v. State*, 113 So. 3d 4 (Fla. 1st DCA 2013) (Table) (copy at Ex. H).  The mandate issued June 4, 2013.  (Ex. H).

On or about July 26, 2013, petitioner filed a petition for writ of habeas corpus in the First DCA (Ex. I), which the court treated as a petition alleging ineffective assistance of appellate counsel.  (Ex. J).  The First DCA denied the petition on the merits on August 21, 2013.  *Rudolph v. State*, 119 So. 3d 537 (Fla. 1st DCA 2013) (copy at Ex. K).

Petitioner filed his federal habeas petition in this court on May 17, 2013.  (Doc. 1).  The petition raises four claims, all relating to petitioner's underlying conviction for Obtaining Drugs by Fraud or Forging a Prescription.  Respondent asserts that each claim fails for one or more of the following reasons:  (1) the claim was waived by entry of petitioner's plea; (2) the claim presents a state law issue not cognizable on federal habeas review; (2) the claim is procedurally defaulted; (3) the state court's rejection of the claim was not contrary to or an unreasonable application of clearly established federal law, and did not involve an unreasonable determination of the facts.  (Doc. 14, pp. 5-14).

## APPLICABLE LEGAL STANDARDS

Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[3] thereby giving the state the "'opportunity to pass upon and correct'

---

[3]Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

  (A)  the applicant has exhausted the remedies available in the courts of the State; or

  (B) (i)  there is an absence of available State corrective process; or

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78.  A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*,

---

      (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

. . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).  The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19.  Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[4]  The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision."  *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003).  The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue.  *Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

---

[4]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law.  The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent.  Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").  If the state court decision <u>is</u> contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court.  *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court

case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it.   *See Gill v. Mecusker*,  633 F.3d 1272, 1287 (11th Cir. 2011) (*citing Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)).   The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision.  *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts).  In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

DISCUSSION

Ground One    "Sixth Amendment. State never amen[d]ed charges to the face of the record to read:  Obtain Drugs by Fraud or Forged Prescription." (Doc. 1, p. 3).[5]

Petitioner asserts in support of this claim that trial counsel was ineffective "by allowing the defendant to plead to a charge that he was never formally charge[d] with by information or indictment. That the Defendant had the right to be informed of the nature and cause of the accusation." (Doc. 1, p. 3). Petitioner states he raised this claim in his Rule 3.850 proceeding. (*Id*.). Respondent asserts this claim should be rejected because: (1) to the extent petitioner challenges the charging document, such claim was waived by petitioner's no contest plea, and (2) to the extent petitioner claims trial counsel was ineffective for allowing him to plead to an offense with which he was not formally charged, the state courts' rejection of petitioner's claim was consistent with clearly established federal law. (Doc. 14, pp. 5-9).

A.    Clearly Established Federal Law

In determining the validity of a plea to a criminal charge, a plea of nolo contendere stands on equal footing with a guilty plea. *North Carolina v. Alford*, 400

---

[5] References to page numbers of the petition are to those enumerated by the electronic docket.

U.S. 25, 35-36, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *Hudson v. United States*, 272 U.S. 451, 47 S. Ct. 127, 129, 71 L. Ed. 347 (1926). "A guilty plea is an admission of criminal conduct as well as the waiver of the right to trial." *Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir. 1995) (*citing Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469, 25 L. Ed. 2d 747 (1970)). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady* at 748. Accordingly, in the context of a guilty plea the standard for determining the validity of the plea is "whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant." *North Carolina v. Alford*, 400 U.S. at 31, 91 S. Ct. 160; *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The assistance of counsel received by a defendant is relevant to the question of whether a defendant's guilty plea was knowing and intelligent insofar as it affects the defendant's knowledge and understanding. *See McMann v. Richardson*, 397 U.S. 759, 770-71, 90 S. Ct. 1441, 1448-49, 25 L. Ed. 2d 763 (1970).

Once a guilty plea has been entered by a criminal defendant, all non-jurisdictional defects in the proceedings prior to the plea are waived, including all claims of ineffective assistance of counsel "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). As the Supreme Court summarized:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he

received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973) (referencing *McMann v. Richardson, supra*); *see also  Lefkowitz v. Newsome*, 420 U.S. 283, 288, 95 S. Ct. 886, 43 L. Ed. 2d 196 (1975) ("[T]he general rule is that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings.").  A jurisdictional defect is one that "implicates a court's power to adjudicate the matter before it."  *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).

When a petitioner challenges the voluntariness of his plea based upon allegations of ineffective assistance of counsel, the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), applies.  *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); *see also Premo v. Moore*, 562 U.S. 115, 131 S. Ct. 733, 737-38, 178 L. Ed. 2d 649 (2011) (identifying *Strickland* as the clearly established federal law governing a habeas petitioner's challenge to his conviction obtained through a plea bargain). To obtain relief under *Strickland*, a petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

In a plea situation, the focus of inquiry under the performance prong of *Strickland* is "whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  *Hill*, 474 U.S. at 56-57 (*quoting McMann v. Richardson*, 397 U.S. at 771).  "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland* at 689.   Under this standard, representation is ineffective only if counsel commits "serious derelictions" of his duty when advising the accused.  *Stano v. Dugger*, 921 F.2d 1125, 1150-51 (11th Cir. 1991).   Absent such blatant errors, the court should "indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990).

To meet the prejudice prong of *Strickland* in a plea situation, petitioner must establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59.   Thus, while counsel can be deemed ineffective under *Strickland* for failing to provide proper advice during the plea process, petitioner must also demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  *Hill*, 474 U.S. at 58-59.  "It is not enough for [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact.  *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999).  "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).   "Establishing that a state court's application of *Strickland* was

unreasonable under § 2254(d) is all the more difficult." *Richter*, 131 S. Ct. at 788. As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (citations omitted).

B.      Freestanding Challenge to Charging Document or Procedure

Respondent asserts that to the extent petitioner attempts to raise a freestanding challenge to the charging document or procedure, his claim must be rejected because the alleged defect is not jurisdictional in nature and was waived by petitioner's entry of his plea.  (Doc. 14, pp. 5-6).[6]  The court need not decide the waiver issue, because even assuming to petitioner's benefit that he is raising a freestanding challenge to the charging document or procedure, and even further assuming (without deciding) that such claim was not waived, petitioner's claim fails on the merits because there was no defect in the charging procedure.  *See* discussion *infra* Part C.

C.      Challenge to Trial Counsel's Effectiveness with Regard to Allegedly Defective Charging Document

Petitioner's amended Rule 3.850 motion raised two claims, both faulting trial counsel for failing to challenge the charging document.  Petitioner asserted there were two deficiencies in the information:  (1) the State failed to file an amended

---

[6]Respondent does not assert a procedural default defense based on a state procedural bar.

information charging him with Obtaining Drugs by Fraud or Forging a Prescription (the claim petitioner presents here as Ground One) and (2) the information was based on sworn testimony from law enforcement officers and not material witnesses (the claim petitioner presents as Ground Two).  (*See* Doc. 14, Ex. E, pp. 16-19 (Amended Rule 3.850 Motion)).  The state circuit court resolved both claims in a single analysis, denying relief as follows:

> While not the model of clarity, Defendant's motion appears to allege ineffective assistance due to the failure to challenge a defective information.  Defendant alleges that the information did not charge the correct crime and was not based upon a statement sworn by a material witness.
>
> Defendant's allegations are not facially sufficient.  Defendant does not allege that he would not have entered his plea had his attorney challenged the information.  See Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (U.S. 1985).  Neither does Defendant show that the State Attorney could not simply have amended the information to cure the supposed deficiencies, had counsel objected.  As Defendant has previously been given opportunity to amend to make his allegations sufficient, his allegations are properly denied.
>
> Even were his allegations facially sufficient, the Court does not find that the charging document contains any deficiency that would entitle Defendant to relief.  See Logan v. State, 1 So. 3d 1253, 1255 (Fla. 4th DCA 2009).

(Ex. E, pp. 22-23) (footnotes citing to attached portions of state court record omitted).  The First DCA summarily affirmed.

As respondent acknowledges (doc. 14, pp. 7-8), the state courts' rejection of petitioner's claims as facially insufficient is a rejection on the merits, not a ruling that the claims are procedurally barred.  *Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 913 (11th Cir. 2009) (rejecting State's procedural default argument; holding that

Florida Supreme Court's rejection of petitioner's ineffective assistance claim because petitioner failed to identify any specific evidence in the record supporting it, constituted a ruling on the merits and was not a procedural bar ruling); *see also, e.g., Borden v. Allen*, 646 F.3d 785, 812-16 (11th Cir. 2011) (holding that Georgia state courts' consideration of facial sufficiency of petitioner's ineffective assistance claims raised in postconviction motion necessarily entailed a determination of the merits of the underlying claims and was not an imposition of a procedural bar).

The state circuit court correctly identified the controlling legal standard and reasonably applied that standard.  Petitioner does not allege, and there are no facts in the record remotely suggesting, that counsel's failure to challenge the charging document had any effect on petitioner's decision to enter his plea, or on the voluntary and knowing nature of his plea.  *See Hill,* 474 U.S. at 60, 106 S. Ct. at 371 (holding that petitioner's allegation that he received constitutionally ineffective assistance of counsel by virtue of counsel's erroneous advice as to parole eligibility was insufficient to satisfy the "prejudice" requirement of *Strickland v. Washington* where petitioner did not allege that had counsel informed him correctly about his parole eligibility date, he would not have pleaded guilty and would have insisted on going to trial).

Further, petitioner's allegation that counsel "allow[ed] the defendant to plead to a charge that he was never formally charge[d] with by information or indictment" (doc. 1, p. 3) is conclusively refuted by the record.  The original and only information filed in this case, the October 23, 2009 information, formally charged petitioner with Obtaining Drugs by Fraud or Forging a Prescription.  (Ex. A, p. 1).  That is precisely the offense to which petitioner pleaded no contest.  (Ex. A, pp. 14, 24).  Petitioner asserts he "had the right to be informed of the nature and cause of the accusation,"

which is correct; however, petitioner <u>was</u> so informed as he certified in his plea agreement.  (Ex. A, p. 16 ("I hereby certify that I have read the information or indictment or I understand the charge(s) set forth in the information or indictment. . . .")).  There is complete consistency between the offense charged in the information and the offense to which petitioner pleaded no contest.  (*See* Ex. A, p. 1 (information), p. 14 (plea agreement), p. 24 (judgment)).  Petitioner had full notice of the charge to which he pleaded no contest, and had a complete understanding of the nature of that charge.  His assertion to the contrary is either deceit, or the product of some substantial level of confusion.

Petitioner also references the State's failure to file an amended information, but fails to explain why amendment was required.  Referring to petitioner's amended Rule 3.850 motion for insight, the undersigned gathers that petitioner posits (correctly) that he was initially <u>arrested and detained</u> for three offenses:  Uttering a False Instrument, Possessing a Controlled Substance Without a Prescription, and Obtaining a Controlled Substance by Fraud.  (Ex. E, p. 16; *see also* Ex. A, pp. 7-11 (Arrest Warrant)).   The State, however, did not prosecute or formally charge petitioner with all three crimes.  On October 23, 2009, the State filed a "No Prosecution" announcing it would not prosecute petitioner for Uttering a Forged Prescription or for Possessing a Controlled Substance because those charges were combined in the charge of Obtaining Drugs by Fraud or Forging a Prescription, and that was the only charge the State was prosecuting.  (Ex. A, p. 12).  Contemporaneously with this filing, the State filed an information charging petitioner with one crime – Obtaining Drugs by Fraud or Forging a Prescription – the charge to which petitioner pleaded no contest. (Ex. A, p. 1).  Petitioner apparently believes the

"No Prosecution" constituted a charging document, (*see* Ex. E, p. 17 (petitioner's reference to "the original Information of a Nolle.")), but it did not.

No defect appears in the State's proceeding on the plain vanilla information charging petitioner with Obtaining Drugs by Fraud or Forging a Prescription. Because there was no defect in the charging document or procedure, counsel cannot be ineffective for failing to challenge it.

Petitioner is not entitled to federal habeas relief on Ground One.

Ground Two      "Due Process.  A basi[c] constitutional guarantee that all Legal Proceeding[s] will be fair and one will be given Notice of the proceeding an[d] opportunity to be heard."  (Doc. 1, p. 4).

Petitioner alleges the following in support of this claim: "Ms. Raybon never put in for evidentiary hearing.  That the State attorney upon filing information rely solely on the officer affidavit not material witness; Kenneth A. Fredriksson and the Doctor who name never mention."  (Doc. 1, p. 4).  Respondent asserts this claim should be rejected because: (1) to the extent petitioner challenges the charging document, such claim was waived by petitioner's no contest plea, and (2) to the extent petitioner claims trial counsel was ineffective for allowing him to plead to an offense with which he was not formally charged, the state courts' rejection of petitioner's claim was consistent with clearly established federal law.  (Doc. 14, pp. 10-12).

A.      Clearly Established Federal Law

The clearly established federal law is set forth above.

B.      Freestanding Challenge to Charging Document

Respondent asserts, correctly, that to the extent petitioner attempts to raise a freestanding challenge to the information, this claim must be rejected because the alleged defect is not jurisdictional in nature and was waived by petitioner's plea. (Doc. 14, pp. 10-11).  Florida courts have held that a prosecutor's alleged failure to

have received sworn testimony from witnesses before filing the information is waived by a defendant once he has entered a plea to the merits of the charge. *See Logan v. State*, 1 So. 3d 1253 (Fla. 4th DCA 2009) (holding that a claim that the prosecutor failed to receive sworn testimony from material witnesses before filing the information cannot be raised once a defendant has entered a plea to the merits of the charge). Because the right to be charged by an information supported by a sworn statement of a material witness is a personal right of the defendant that may be waived, petitioner fails to demonstrate that any imagined defect in the information deprived the state court of jurisdiction to try, convict and sentence him. Petitioner's freestanding challenge to the sufficiency of the information provides no basis for federal habeas relief. The court will review only whether petitioner was denied the effective assistance of counsel for failing to challenge the sufficiency of the information on the ground that it was not based on sworn testimony from material witnesses.

C.    Challenge to Trial Counsel's Effectiveness with Regard to Allegedly Defective Charging Document

Petitioner raised this claim as Ground Two of his amended Rule 3.850 motion. (Doc. 14, Ex. E, pp. 18-19). The state courts rejected the claim as set forth above. The state courts concluded, reasonably, that petitioner failed to make a sufficient showing of prejudice, because he did not allege counsel's failure to pursue the proposed challenge to the sufficiency of the information had any effect  on his decision to enter a plea, or on the voluntary and intelligent nature of his plea. Again, this conclusion is entirely consistent with clearly established federal law. *See Hill,* 474 U.S. at 60, 106 S. Ct. at 371.

Further, petitioner has not established counsel was unreasonable for failing to assert petitioner's proposed challenge to the information. Petitioner's claim is based

on the requirement of Rule 3.140(g) of the Florida Rules of Criminal Procedure, that the information be signed by the state attorney under oath "certifying that he or she has received testimony under oath from the material witness or witnesses for the offense."   The information was sworn to by the prosecutor who filed it.   The prosecutor declared that the allegations were "based on facts that have been sworn to be true, and which if true, would constitute the offense there charged" and that he had "received testimony under oath from a material witness or witnesses." (Ex. A, p. 1). The information was supported by two sworn police reports/affidavits – one prepared by Officer Joyner and the other prepared by Officer Echelle.  Both reports were part of the court record.  (Ex. A, pp. 3-11).  Officers Joyner and Echelle were the officers who (1) responded to the report of a possible forged prescription, (2) stopped the vehicle driven by the person (petitioner) who obtained controlled substances with the forged prescription and (3) found the controlled substances obtained with the forged prescription in petitioner's possession.  In preparing their reports, the officers met with, and obtained a sworn statement from, Kenneth Fredriksson who was the pharmacist who processed the forged prescription and reported the incident. Mr. Fredriksson stated that when petitioner submitted the prescription, he (Fredriksson) suspected the prescription was forged, faxed a copy of the prescription to the doctor who allegedly authorized it to verify its authenticity, and received a message back from the doctor confirming the prescription was a forgery.  (Ex. A, pp. 4, 9).  The information complied with Florida's rule of procedure, and counsel had no basis to raise a challenge to it.

Equally important, and compounding the futility of this claim, petitioner has not demonstrated that had counsel raised petitioner's proposed challenge and/or demanded an evidentiary hearing, there is a reasonable probability:  (1) the State would have been precluded from correcting the alleged deficiency by amendment, (2)

the officers' or Fredriksson's testimony at an evidentiary hearing would have differed from their sworn statements, or the doctor would have testified he issued petitioner the prescription in question, or (3) petitioner would have gained a more favorable disposition of his case than 24 months probation.

Petitioner is not entitled to federal habeas relief on Ground Two.

Ground Three        "Due Process and ineffective assistance of counsel." (Doc. 1, p. 4).

Petitioner alleges the following facts in support of this claim:

> Never put in for arraig. or evidentiary so my counsel Ms. Raybon could have ask for dismissal of said charges.  That was nerver [sic] sworn by material witness.  Pharmacist Kenneth Fredriksson and the said Doctor name never mention.  Officer nerver [sic] talk to doctor before filing for a warrant.

(Doc. 1, p. 4).  Respondent asserts that to the extent this claim is an independent claim for relief differing in legal basis or factual foundation from those discussed previously, this claim is procedurally defaulted because petitioner did not raise it in his amended Rule 3.850 motion or any other state court proceeding.  (Doc. 14, p. 13). Respondent asserts that to the extent this claim is the same claim presented in Ground One or Two above, the claim fails for the same reasons Grounds One and Two fail. (Doc. 14, p. 13).

This claim is a mere reiteration of Ground Two above and, for the reasons discussed above, provides no basis for federal habeas relief.  *See* discussion Ground Two *supra*.

Ground Four        "No Prosecution 1. Possession of Controlled Substance 2. Uttering Forged Prescription for A Medicinal Drug.  Combined in other charge.  The Office of the State Attorney in and for the First Judicial Circuit of Florida will be proceeding on the following charge(s): Obtain Drugs By Fraud or Forging a Prescription."  (Doc. 1, p. 4).

Petitioner's statement of this claim provides little insight, even to one far more astute than the undersigned, as to why petitioner believes his conviction violates the Constitution.   (Doc. 1, p. 4).   Apparently, he continues to be confused by the distinction between a No Prosecution and an actual charging document.   Petitioner asserts he presented this claim to the state courts when he asserted in his motion for postconviction relief that "counsel Ms. Raybon was ineffective for not making reasonable investigation on the filing of said information that was never amended to record." (Doc. 1, p. 24).   Respondent asserts this claim should be denied for the reasons discussed in Ground Three.  (Doc. 14, p. 14).

The undersigned views this claim as based on the same allegations of ineffective assistance discussed in Grounds One and Two above.  Accordingly, the claim fails for the same reasons Grounds One and Two fail.  *See* discussions Grounds One and Two *supra*.  Petitioner is not entitled to federal habeas relief on Ground Four.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning

of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. James Lee Rudolph, Jr.*, Escambia County, Florida, Circuit Court Case Number 09-CF-4757, be DENIED, and the clerk be directed to close the file.

2.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 21st day of January, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).